

**ORDERED in the Southern District of Florida on January 20, 2011.**

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:                                                                              Case No: 10-42789-AJC
                                                                                        Chapter 13
Alberto Jose Rivero
    Lyng-Hou Ramirez
                          Debtor                    /

**ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED
STATUS OF LIEN ON REAL PROPERTY HELD BY REGIONS BANK AND US SMALL
BUSINESS ADMINISTRATION**

THIS CASE came to be heard on January 18, 2011 on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 14; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

    A.    The value of the debtor's real property (the "Real Property") located at

7516 HISPANOLA AVENUE, MIAMI, FLORIDA 33141-4120

, and more particularly described as

(Legal description)

**LOT 20 IN BLOCK 5 TREASURE ISLAND, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 50 AT PAGE 67 OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA**

is $ <u>177,000.00</u> at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of <u>REGIONS BANK</u> (the "REGIONS") is $ <u>198,909.66</u>.

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $ <u>0.00</u> and Lender has a secured interest in the Real Property in such amount.

D. The total of all claims secured by liens on the Real Property senior to the lien of <u>US Small Business Administration</u> (the "US SBA") is $ <u>198,909.66</u>.

E. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of REGIONS is $ <u>0.00</u> and REGIONS has a secured interest in the Real Property in such amount.

F. The equity remaining in the Real Property after payment of all claims

secured by liens senior to the lien of US SBA is $ 0.00 and US SBA has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. REGIONS has an allowed secured claim in the amount of $ 0.00.

3. US SBA has an allowed secured claim in the amount of $ 0.00.

4. Because REGIONS' secured interest in the Real Property is $0, REGIONS' mortgage recorded on 8/28/2006 at OR BOOK 24841 Page 4794-4801 of the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case.  If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, REGIONS' mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

5. Because US SBA's secured interest in the Real Property is $0, US SBA's mortgage recorded on June 19, 2006 at OR BOOK 24955 Page 3414-3415 of the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case.  If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, US SBA's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

6. REGIONS filed a proof of claim in this case.  It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a

      general unsecured claim in the amount of $ <u>184,420.92</u>, regardless of the original classification in the proof of claim as filed.

7. US SBA filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ <u>71,494.29</u>, regardless of the original classification in the proof of claim as filed.

8. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

9. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:
Matthew E. Mazur, Jr., Esq.
2655 LeJeune Road, Suite 500
Coral Gables, FL 33134
(305) 466-3328


Attorney <u>Matthew E. Mazur, Jr., Esq.</u>   is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.